Thomas E. Dvorak, ISB No. 5043
Jason J. Blakley, ISB No. 9497
Donald Z. Gray, ISB No. 10070
GIVENS PURSLEY LLP
601 W. Bannock Street
P.O. Box 2720
Boise, Idaho  83701-2720
Telephone  208-388-1200
Facsimile  208-388-1300
tedservice@givenspursley.com
jasonblakley@givenspursley.com
dongray@givenspursley.com
14781147_1 [14797-2]

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Lafky Properties, LLC, an Oregon limited liability company, dba Big Storage and Big Storage Idaho,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Global Credit Union, a Washington corporation,<br><br>　　　　　　　Defendant. | Case No. 19-cv-143<br><br>**COMPLAINT** |

Plaintiff Lafky Properties, LLC, by and through its attorneys of record, Givens Pursley LLP, and for a cause of action against Global Credit Union, complains and alleges as follows:

**PARTIES**

1. Plaintiff Lafky Properties, LLC ("Lafky"), is an Oregon limited liability company doing business in Idaho under the assumed business names Big Storage and Big Storage Idaho.

2. Lafky is a single member limited liability company, and the sole member—Mr. Aaron Lafky—is a resident of Bend, Oregon.

**COMPLAINT - 1**

3. Defendant Global Credit Union ("Global") is a Washington corporation with its principal place of business located in Spokane, Washington.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), as

   a. the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and

   b. there is complete diversity of citizenship and residence between Plaintiff and Defendant.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 as the basis of one of the causes of action, in part, is the violation of a federal statute.

6. Venue before this Court in the District of Idaho pursuant to 28 U.S.C. § 1391(a)(2) is appropriate as a substantial portion of the relevant events occurred in this district and specifically in Canyon County, Idaho.

7. This Court has personal jurisdiction over Global because it regularly conducts business in the State of Idaho.

## FACTUAL BACKGROUND

8. Lafky was both a borrower and a depositor at Global at all relevant times hereto.

9. In or around November 2017, Lafky applied for and obtained a business loan through Global in the principal amount of $5,080,000.00 ("Loan") for the purchase of a large storage unit complex located at 504 Caldwell Boulevard in Nampa, Idaho ("Property").

10. The agreement for Lafky to borrow was documented by a Business Loan Agreement between Lafky and Global dated November 17, 2017 ("Loan Agreement").

11. In an effort to obtain the Loan, Lafky provided Global with a variety of confidential and proprietary information relating to the Property, including the occupancy rates

COMPLAINT - 2

of the individual storage units, the stabilization rate of the Property, a private appraisal, and the negotiated purchase price of the Property (collectively "Confidential Information").

12. The Confidential Information was personal and private information of a type not readily publicly available and which a reasonable person would regard as private, sensitive and confidential in nature.

13. The Property consists of three separate tax parcels identified as Canyon County Parcel Numbers R31310000 0, R31309000 0, and R31308000 0.

14. In or around November 2017, Lafky purchased the Property from Dustin Cox, a private seller, for the sum certain ("Purchase Price").

15. Lafky utilized the proceeds from the Loan to purchase the Property, and collateralized the Property to secure the Loan.

16. Mr. Cox did not have any broker involved in the sale and did not disclose the listing price or Purchase Price to any governmental agency.

17. After Lafky purchased the Property, in late 2017, the Canyon County Assessor's Office ("Assessor") inquired with Lafky about the Purchase Price for the Property.

18. In accordance with Lafky's right to privacy under Idaho law, it declined to disclose the Purchase Price to the Assessor.

19. In an apparent effort to obtain information relating to the value of the Property, the Assessor utilized public records to learn that Global was the lender on the Loan for the Property.

20. After the Loan closed, but sometime prior to October of 2018, the Assessor contacted Rick Green ("Green")—Global's loan officer on the Loan—and inquired about personal and confidential information relating to the Property, including its Purchase Price.

**COMPLAINT - 3**

21. Green's conduct alleged in this Complaint occurred within the scope and course of his employment for Global.

22. Green knew or should have known that the information within Global's records on its borrower and depositor Lafky was private, personal and confidential customer financial information that could not be released without the explicit approval of the customer.

23. Although Green understood that such information was confidential and Green also knew he did not have Lafky's permission to speak with the Assessor, Green nevertheless accessed Lafky's Loan records and voluntarily disclosed to the Assessor the Confidential Information, including the Purchase Price of the Property.

24. It is believed that Green also shared details from the confidential appraisal that had been done of the property, including a 5.93% capitalization or "cap" rate referenced in the appraisal at page 87 that had to do with appraisals utilized in the Puget Sound area of Washington State, but had no relationship to the value of this transition. In disseminating this information, Green did not make it clear that this had nothing to do with this transaction, and the Canyon County Assessor thereafter acted as if that was in fact the appropriate cap rate to use for this transaction on an income approach to valuation of this property.

25. The appraisal is labeled "prepared for Global Credit Union" and "COPYRIGHT 2017 by Appraisal Zone, Inc. all rights reserved," but Lafky paid the full price of the appraisal and was required to do so as a condition of the Loan.

26. At no time prior to disclosing the Confidential Information did Global or Green inform Lafky that Global would disclose the Confidential Information to state or county officials or agencies.

**COMPLAINT - 4**

27.     At no time prior to disclosing the Confidential Information did Global or Green obtain Lafky's consent to disclose the Confidential Information to the Assessor.

28.     Prior to Global's disclosure of the Confidential Information, the three parcels that comprised the Property were valued by the Assessor as follows:

   a.   R31310000 0: Land: $298,000.00; Improvements: $2,425,300.00;

   b.   R31309000 0: Land: $195,910.00; Improvements: $0.00;

   c.   R31308000 0: Land: $180,620.00; Improvements: $0.00.

29.     Prior to Global's disclosure of the Confidential Information, the Assessor valued the entire Property at $3,099,830.00.

30.     Shortly after Global disclosed the Confidential Information, the Assessor valued the parcels that comprised the Property as follows:

   a.   R31310000 0: Land: $402,102.00; Improvements: $4,053,200.00;

   b.   R31309000 0: Land: $264,620.00; Improvements: $0.00;

   c.   R31308000 0: Land: $243,940.00; Improvements: $0.00.

31.     After Global's disclosure of the Confidential Information, the Assessor valued the entire Property at $4,963,862.00 for tax year 2018, a more than sixty percent increase over the entire assessed value for tax year 2017.

32.     A graphic depiction of this information is attached hereto as **Exhibit A**.

## COUNT ONE
## BREACH OF THE IMPLIED DUTY OF CONFIDENTIALITY

33.     The foregoing paragraphs are hereby restated as if set forth in full and incorporated herein by this reference.

34.     At all times relevant to the Loan, Global had an implied contractual duty to keep Lafky's Confidential Information private.

**COMPLAINT - 5**

35. Global breached this implied contractual duty by disclosing the Confidential Information to the Assessor without Lafky's consent.

36. As a result of Global's unauthorized disclosure of the Confidential Information, Lafky has been damaged in an amount to be proven at trial, but no less than $75,000.00.

## COUNT TWO
## BREACH OF CONTRACT/BREACH OF IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

37. The foregoing paragraphs are hereby restated as if set forth in full and incorporated herein by this reference.

38. The parties' Loan Agreement defined the Loan Agreement to include the "Loan Documents," which in turn were defined to include a "Model Privacy Notice" for Lafky Properties LLC ("Model Privacy Notice"). Thus, the Model Privacy Notice was incorporated by reference into the terms of the parties' Loan Agreement.

39. That Model Privacy Notice informed Lafky that it would collect personal information in the circumstances where, as here, one sought to "apply for a loan or apply for financing."

40. The Confidential Information was information of the sort described as personal information under the Model Privacy Notice.

41. Lafky read and relied upon the Model Privacy Notice.

42. The Model Privacy Notice states that "Federal law . . requires us to tell you how we collect, share, and protect your personal information" and also states "In the section below, we list the reasons financial companies can share members personal information; the reasons Global Credit Union chooses to share; . . . ."

**COMPLAINT - 6**

43. That Model privacy notice listed a reason Global could share personal information as "respond[ing] to court orders and legal investigations."

44. That sharing of Confidential Information with the Assessor was not in the course of responding to a court order or a legal investigation.

45. That Model Privacy Notice defined "Nonaffiliates" as "companies not related by ownership or control. They can be financial or non-financial companies." It went on to have a blank after "Nonaffiliates we will share with can include _____"

46. The Assessor is not considered a Nonaffiliate under the Model Privacy Notice as it is not a "company" and thus the Model Privacy Notice did not disclose or allow for sharing of the Confidential Information with the Assessor.

47. The Model Privacy Notice and the Loan Agreement did not otherwise allow for the sharing of the Confidential Information with the Assessor.

48. The sharing of the Confidential Information with the Assessor was a breach of the Model Privacy Notice and the Loan Agreement, or alternatively, the sharing of said information with the Assessor was a breach of the implied covenant of good faith and fair dealing.

49. The breach resulted in damages to Lafky in an amount to be proven at trial, but not less than $75,000.00.

**COUNT THREE**
**NEGLIGENCE OR NEGLIGENCE PER SE**

50. The foregoing paragraphs are hereby restated as if set forth in full and incorporated herein by this reference.

51. Global had a statutory duty under 15 U.S.C. § 6802 and 12 C.F.R. § 1016.10, the associated FTC "Safeguards Rule," and its own internal written information security plan to prevent the disclosure of Lafky's Confidential Information to any nonaffiliated third party.

**COMPLAINT - 7**

52. Global's statutory disclosure under 15 U.S.C. § 6803 did not inform Lafky of Global's intent to share the Confidential Information with the Assessor.

53. Global violated 15 U.S.C. § 6802 by disclosing the Confidential Information to the Assessor without Lafky's prior knowledge or consent.

54. Lafky is a member of the class sought to be protected by 15 U.S.C. § 6801, *et seq.*

55. Under either Washington or Idaho law, this violation is evidence of negligence or negligence per se.

56. Washington law provides: "A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence." Washington Code 5.40.050.

57. Idaho law provides that negligence per se will be established from a statute or regulation if: "(1) the statute or regulation must clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury." *Boswell v. Steele*, 158 Idaho 554, 563, 348 P.3d 497, 506 (Ct. App. 2015)(citations omitted).

58. Global's unauthorized disclosure was negligent and actionable.

59. As a result of Global's unauthorized disclosure of the Confidential Information, Lafky has been damaged in an amount to be proven at trial, but no less than $75,000.00.

**COMPLAINT - 8**

## ATTORNEYS' FEES AND COSTS

60. Lafky is entitled to attorneys' fees pursuant to the terms of the Loan agreement and under Wash. Rev. Code § 4.84.330, as well as under Idaho Code Section 12-120(3)("commercial transaction" and "contract for services").

## PRAYER FOR RELIEF

1. For judgment in favor of Lafky and against Global on all counts of the Complaint;

2. For the relief sought in each specific count;

3. For an award of costs and attorneys' fees in the amount of $5,000.00 in the event of a judgment by default or in such other and further amount as this Court may deem appropriate at the proper time in these proceedings; and

4. For such other and further relief as this Court may deem appropriate.

DATED this 24th day of October, 2019.

> GIVENS PURSLEY LLP
>
> /s/ *Thomas E. Dvorak*
> Thomas E. Dvorak
> Attorneys for Lafky Properties, LLC

COMPLAINT - 9