Christopher G. Varallo, ISB #6135
Daniel J. Gibbons, ISB #6202
Nathan J. Orlando, ISB #10673
WITHERSPOON ∙ KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
cgv@witherspoonkelley.com
djg@witherspoonkelley.com
njo@witherspoonkelley.com

*Attorneys for Defendant Global Credit Union*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAFKY PROPERTIES, LLC, an Oregon limited liability company, dba Big Storage and Big Storage Idaho,<br><br>    Plaintiff,<br><br> v.<br><br>GLOBAL CREDIT UNION, a Washington corporation,<br><br>    Defendant. | No. 1:19-cv-00413-REB<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS [ECF 19] |

The Plaintiff's complaint revolves around an increase in its property taxes, which is being blamed on the Defendant. For the reasons stated below, the Complaint should be dismissed.

## I. STATEMENT OF CASE AND GROUND

Plaintiff's Complaint (Dkt. No. 1) fails to set forth a short and plain statement of its claim upon which relief may be granted as required by F.R.Civ.P. 8(a) and F.R.Civ.P. 12(b)(6). With of a lack of specific legal authority to support a cause of action in this matter, Plaintiff ultimately pled under generalized theories of breach of duty and negligence. Specifically, Plaintiff asserts causes of action for 1) breach of an implied duty of confidentiality, 2) breach of contract/breach


of implied covenant of good faith and fair dealing, and 3) negligence or negligence per se. Each of Plaintiff's causes of action should be dismissed as a matter of law because Plaintiff has not pled sufficient facts to support the required elements of the claims asserted.

## II. LEGAL ARGUMENT

### A. 12(b)(6) Motion to Dismiss Legal Standard.

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of a claim." *Zoellner v. St. Luke's Reg'l Med. Ctr.*, 937 F. Supp. 2d 1261, 1265 (D. Idaho 2013) (quoting *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001)). Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted" and "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). In order to survive a 12(b)(6) motion, the pleading must comply with the pleading standards of Rule 8(a)(2). *See id.*; F.R.Civ.P. 8(a)(2) (requiring only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.)

While a pleading attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Zoellner*, 937 F. Supp. 2d at 1265 (quoting *Wyler Summit P'ship v. Turner Broadcasting*

*Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998)). This does not mean, however, that the court will assume the truth of legal conclusions merely because they are cast as factual allegations in the operative pleading. *Id.* (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). Unwarranted inferences and conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1440 (9th Cir. 1994)).

**B.** **Plaintiff Cannot Sustain a Claim for Negligence or Negligence Per Se.**

Count Three of Plaintiff's Complaint broadly alleges that "Global's unauthorized disclosure was negligent and actionable" as Global had a statutory duty under 15 U.S.C. § 6802 and 12 C.F.R. § 1016.10, the associated FTC "Safeguards Rule," and its own internal written information security plan to prevent the disclosure of [Plaintiff's] Confidential Information."[1] (Dkt. No. 1, ¶ 51, 58). However, Plaintiff's wide-cast claim of "Negligence or Negligence Per Se" is devoid of sufficient factual allegation related to purported conduct of Global which could support such a legal claim.

As Plaintiff must know, claims brought under the Gramm-Leach-Bliley Act (GLBA) and related federal financial privacy regulations are routinely dismissed because GLBA does not support private actions. *Barnett v. First Premier Bank*, 475 F. App'x 174 (9th Cir. 2012) (dismissing claim under 15 U.S.C. § 6801 due to lack of private right of action); *Gardner v. Martino,* 563 F.3d 981, 990, 992 (9th Cir.2009) (no abuse of discretion in denying leave to amend where amendment would be futile). Thus, Plaintiff cleverly asserted a theory of Negligence Per Se "or Negligence" under a purported duty created by these statutes.

---

[1] Plaintiff's Complaint is not sufficiently clear as to what "internal written information security plan" created a viable duty to protect information related to the purchase price of the subject property in this matter. Standing alone, this allegation is an insufficient factual pleading to support a claim that a legal duty was created.

MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS- 3
C0259576.DOC

To establish a claim for negligence under Idaho law, the Plaintiff must demonstrate, "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Albertson v. Fremont Cty., Idaho*, 834 F. Supp. 2d 1117, 1134 (D. Idaho 2011) (*quoting Obendorf v. Terra Hug Spray Co., Inc.,* 145 Idaho 892, 188 P.3d 834, 840 (2008)). Negligence *per se* is simply an avenue of pleading that effectively establishes the first two elements of the cause of action in negligence. *Slade v. Smith's Management Corp.*, 119 Idaho 482, 808 P.2d 401, 408 (1991). However, in order to replace a common law duty of care with a duty of care from a statute or regulation, the following elements must be met:

> (1) the statute or regulation must clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury.

*O'Guin v. Bingham County*, 142 Idaho 49, 122 P.3d 308, 311 (2005).

Plaintiff has not and cannot meet these elements under the proposed statutes. First, plainly put, the GLBA as enumerated in 15 U.S.C. § 6801, *et seq*. does not provide a specific standard of conduct that is sufficient to give rise to a legal duty. The statutes express a general Congressional policy statement, asserting a goal that financial institutions respect the privacy and confidentiality of customer's nonpublic personal information. *See* 15 U.S.C. § 6801. Second, even if this Court finds these statutes create a clearly defined standard of conduct, Plaintiff has not adequately pled facts to support the required elements, that the statute or regulation intended to prevent the type of harm caused, or that the plaintiff is a member of the class intended to be protected. *Albertson*, 834 F. Supp. 2d at 1134.

The brunt of Plaintiff's allegations in this case, is that Global disclosed "Confidential Information" to the County Assessor. Plaintiff defines "Confidential Information" as certain information relating to the subject property including the occupancy rates of the individual storage units and the purchase price of the property. (Dkt. No. 1, ¶ 11). This information is not the "personally identifiable financial information" that the GLBA is intended to protect. *See* 15 U.S.C. § 6809(4). In fact, this information related to the subject property is publicly available information that if disclosed cannot be definitively proven to have caused harm.[2] *See* 12 C.F.R. 1016.3(r)(1) (defining publicly available information as "any information that you have a reasonable basis to believe is lawfully made available to the general public", including mortgage information that is of the type included on public record). Further, Plaintiff, a company who obtained a loan for the purchase of a large storage unit complex, is not the type of individual who is identified in these statutes. (Dkt. No. 1, ¶¶ 1, 9). The GLBA and related regulations protect **consumers** who obtain financial products or services for personal, family, or household purposes. *See* 15 U.S.C § 6809 (9); 12 C.F.R. § 1016.3(e)(1).

12 C.F.R. § 1016.1(b)(1) specifically states it only applies only to "nonpublic personal information about individuals who obtain financial products or services primarily for personal, family, or household purposes from the institutions listed below" and "does not apply to information about companies or about individuals who obtain financial products or services for business, commercial, or agricultural purposes." According to the Plaintiff's own allegations it is a single member limited liability company which operates storage units, and spent over

---

[2] The market value of the subject property was well-established through public listing. Even if a viable claim of negligence exists (which it does not), Plaintiff alleges damages related to a change in tax valuation, which cannot be proven to have occurred because of the alleged disclosure of the property purchase price—the publicly available information related to the subject property, including but not limited to, the listed selling price was available to the Assessor in its valuation determinations.

$5,000,000 to acquire a storage unit complex. (Dkt. No. 1, ¶¶ 1-2, 9). The Plaintiff is not a consumer protected by the statute.

Plaintiff's claim of "Negligence or Negligence Per Se" cannot be sustained because it has not pled facts to establish that Global had a legal duty under the claimed statutes or "internal written information security plan" to keep the information related to the purchase price of the subject property confidential. Plaintiff also has alleged facts that Global breached this supposed duty in a manner causing identifiable harm.

Even assuming such harm was pled with sufficient clarity (which it is not), under Idaho law, "the economic loss rule prohibits recovery of purely economic losses in a negligence action." *Blahd v. Richard B. Smith, Inc.*, 141 Idaho 296, 300, 108 P.3d 996, 1000 (2005); *see also Aardema v. U.S. Dairy Sys., Inc.*, 147 Idaho 785, 790, 215 P.3d 505, 510 (2009) (finding that plaintiff may maintain a tort claim only if it sufficiently presented evidence as to whether a loss occurred, other than a purely economic loss). Plaintiff's general assertion of damages (which is associated with an increase in tax valuation and tax liability) contains only alleged economic damages and does not provide a basis for a claim of negligence.

The Plaintiff's claim is barred by the economic loss rule. In addition, Plaintiff has not pled facts in a manner which could support a claim of negligence per se or negligence. Count Three of Plaintiff's Complaint should be dismissed pursuant to F.R.Civ.P 12(b)(6).

C.      **Plaintiff's Breach of Implied Duty of Confidentiality Claim Should be Dismissed.**

Plaintiff alleges that Global disclosed information related to the purchase price of commercial property. (Dkt. No. 1, ¶¶ 23, 24). Aside from Plaintiff's allegation that it had a legal right to privacy under Idaho law in choosing to decline to disclose the purchase price, and its general statement of a business loan relationship; Plaintiff provides no basis to support a claim

for an implied duty of confidentiality. (Dkt. No. 1, ¶¶ 10, 18). Count One, pleads facts that do nothing more than mirror the elements to support defendant's liability under the alleged claim, which is insufficient under 12(b)(6). *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Plaintiff's do not allege facts to support an inference that Global had an implied contractual duty of confidentiality with respect to the information related to the purchase price of the subject property, or that by disclosing said information specified damages were caused.

In any event , Global owes no independent duty to maintain confidentiality with respect to the market value and purchase price of the property in question. As held in, *Mangum v. City of Pocatello*, a banking customer does not have an inherent right of privacy, but rather must prove that the subject financial information is sufficiently "intimate and personal in nature" to receive protection under the confidentiality of the bank. *See Mangum v. City of Pocatello*, No. CV-05-507-E-BLW, 2008 WL 346150, at *1 (D. Idaho Feb. 5, 2008), aff'd sub nom. *Mangum v. Action Collection Serv., Inc.,* 575 F.3d 935 (9th Cir. 2009) (finding that the financial institutions disclosure of the plaintiff's bounced checks did not rise to a level of confidentiality to support a claim for breach of privacy). Nor does the relationship between a bank and borrower inherently create a fiduciary relationship in which duties are automatically created. *See Idaho First Nat. Bank v. Bliss Valley Foods, Inc*., 121 Idaho 266, 277, 824 P.2d 841, 852 (1991); *Black Canyon Racquetball Club v. First National Bank,* 119 Idaho 171, 804 P.2d 900 (1991).

Global has no duty to maintain the privacy of market value information, and the Plaintiff's claim should be dismissed.  In addition, Plaintiff has alleged nothing more than a broad assertion that the information related to the purchase price of the subject property was unilaterally intended to be confidential and "personal" for the apparent purpose of avoiding property tax. This assertion alone is insufficient to support Plaintiff's claim, especially considering that damages in this action cannot be reasonably proven due to the public nature of

the market value of the property and there is no inherent fiduciary duty owed by Global simply because of there is a debtor-creditor relationship.

**D.    Plaintiff's Claim of Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing Should be Dismissed.**

The required elements of breach of contract claim under Idaho law are: (1) the existence of the contract, (2) the breach of the contract, (3) the breach caused damages, and (4) the amount of those damages." *Ridenour v. Bank of Am., N.A.*, 23 F. Supp. 3d 1201, 1207 (D. Idaho 2014). The implied covenant of good faith and fair dealing requires "that the parties perform in good faith the obligations imposed by their agreement," *Badgett v. Security State Bank,* 116 Wash.2d 563, 807 P.2d 356, 356 (1991), and a violation of the covenant occurs only when "either party ... violates, nullifies or significantly impairs any benefit of the ... contract...." *Sorensen v. Comm Tek, Inc.,* 118 Idaho 664, 669, 799 P.2d 70, 75 (1990).

Here, Plaintiff alleges that a Model Privacy Notice as incorporated as part of the Loan Agreement created a contract between the parties which was breached by Global in allegedly sharing valuation information for commercial property, causing an unidentified amount of damage. (Dkt. No. 1, ¶¶ 38, 49).  In Paragraph 42 of Plaintiff's Complaint, Plaintiff provides language of the Model Privacy Notice which states, "Federal law… requires us to tell you how we collect, share, and protect your personal information." It further specifies reasons Global may share personal information. (¶ 42, 43). This language is simply a notice by federal regulation, not a contractual provision of services, and since it provides information may be disclosed offers no basis for a breach of contract claim.  Further, there is no allegation in the Complaint that Global was retained for the specific purpose of providing privacy protection services or that the Loan Agreement prohibited the alleged disclosure to the County Assessor.  Aside from a conclusory assertion, Plaintiff's Complaint does not allege facts to support that the alleged information

disclosed to the Assessor was "personal information" or that it was contractually protected from voluntary disclosure under the Model Privacy Notice.

Furthermore, Plaintiff's claim fails for failure to properly assert facts which would support that the alleged disclosure caused a certain amount of damages. Plaintiff broadly asserts disclosure resulted in damages not less than $75,000.00, obviously for the purpose of maintaining diversity jurisdiction. (Dkt. No. 1, ¶ 49) Plaintiff has no facts to support this assertion. Plaintiff appears to be drawing an inference that disclosure led to an increase in assessed value of the subject property, however, Plaintiff does not allege this in its Complaint, or give factual support as to how such a disclosure was the proximate cause of such damages. (Dkt. No. 1, ¶¶ 28-31). Therefore, Plaintiff's claim of breach of contract cannot stand.

Similarly, the Plaintiff has not pled the elements required to support a theory of breach of the implied covenant of good faith and fair dealing. Plaintiff's facts as pled do not support that Global failed to perform any specific contractual obligation in good faith, in such a manner which significantly impaired the benefit of the contract, here being the provision of a loan for the purchase of commercial property. *Idaho First Nat. Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 288, 824 P.2d 841, 863 (1991) (finding that the covenant of good faith and fair dealing means honesty in fact in the conduct or transaction concerned). Without facts to support this alternative cause of action it too must be dismissed.

### III. CONCLUSION

Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, as against Defendant Global Credit Union, Plaintiff's Complaint against said Defendant should be dismissed pursuant to F.R.Civ.P. 12(b)(6).

RESPECTFULLY SUBMITTED this 19th day of December, 2019.

        WITHERSPOON · KELLEY

By: */s/ Christopher G. Varallo*
    Christopher G. Varallo, ISB #6135
    Daniel J. Gibbons, ISB #6202
    Nathan J. Orlando, ISB #10673
    cgv@witherspoonkelley.com
    djg@witherspoonkelley.com
    njo@witherspoonkelley.com
    422 W. Riverside Avenue, Suite 1100
    Spokane, WA 99201-0300
    Phone: (509) 624-5265
    Fax: (509) 458-2728
    *Attorneys for Defendant Global Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2019,

1. I caused to be electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

>**Thomas E. Dvorak**
>**tedservice@givenspursley.com**
>
>**Jason Blakley**
>**jasonblakley@givenspursley.com**; **stacywardein@givenspursley.com**
>
>**Donald Z. Gray**
>**dongray@givenspursely.com**

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below:  **None.**

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below:  **None.**

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below:  **None.**

>*/s/ Christopher G. Varallo*
>Christopher G. Varallo, ISB #6135