Christopher G. Varallo, ISB #6135
Daniel J. Gibbons, ISB #6202
Nathan J. Orlando, ISB #10673
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728
cgv@witherspoonkelley.com
djg@witherspoonkelley.com
njo@witherspoonkelley.com

*Attorneys for Defendant Global Credit Union*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAFKY PROPERTIES, LLC, an Oregon limited liability company, dba Big Storage and Big Storage Idaho,<br><br>    Plaintiff,<br><br>  v.<br><br>GLOBAL CREDIT UNION, a Washington corporation,<br><br>    Defendant. | No.  1:19-cv-00413-REB<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |

The Plaintiff's allegations revolve around an increase in its property taxes which it is being blamed on its lender, Global Credit Union ("Global"). Plaintiff recently amended its complaint as a so-called precautionary effort to avoid dismissal on the current pleadings. In reality, Plaintiff's only modifications were the addition of conclusory allegations and factual recitations of the various causes of action. For the reasons provided below, the Court should dismiss Plaintiff's First Amended Complaint.

# I.  STATEMENT OF CASE AND GROUNDS

Plaintiff's Amended Complaint (Dkt. No. 22) fails to set forth a short and plain statement of its claim upon which relief may be granted as required by F.R.Civ.P. 8(a) and F.R.Civ.P. 12(b)(6). Plaintiff pled under generalized theories of breach of duty and negligence, attempting to create a cause of action none exists under the law.  Specifically, Plaintiff asserts causes of action for 1) breach of an implied duty of confidentiality, 2) breach of contract/breach of implied covenant of good faith and fair dealing, and 3) negligence or negligence per se. Each of Plaintiff's causes of action should be dismissed as a matter of law because Plaintiff has not and cannot comply with Rule 8(a) and Rule 12(b)(6).

# II.  LEGAL ARGUMENT

## A.    12(b)(6) Motion to Dismiss Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted" and "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of a claim." *Zoellner v. St. Luke's Reg'l Med. Ctr.*, 937 F. Supp. 2d 1261, 1265 (D. Idaho 2013) (*quoting Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001)). In order to survive a 12(b)(6) motion, the pleading must comply with the pleading standards of Rule 8(a)(2). *See id.*; F.R.Civ.P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests).

While a pleading "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and **a formulaic recitation of the elements of a cause of action will not**

**do**." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Zoellner*, 937 F. Supp. 2d at 1265 (*quoting Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998)). However, the court will not assume the truth of legal conclusions merely because they are cast as factual allegations in the operative pleading. *Id.* (*citing Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). Unwarranted inferences and conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* (*quoting Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1440 (9th Cir. 1994)).

**B.**   **Plaintiff Cannot Sustain a Claim for Negligence or Negligence Per Se.**

Count Three of Plaintiff's Amended Complaint alleges that Global's unauthorized disclosure was "negligent and actionable" as Global had a statutory duty under 15 U.S.C. § 6802 and 12 C.F.R. § 1016.10, the associated FTC "Safeguards Rule," the Model Privacy Notice and its own internal written information security plan to prevent the disclosure of Plaintiff's Confidential Information.[1] (Dkt. No. 22, ¶ 51, 59). However, Plaintiff's wide-cast, "shotgun styled" claim of "Negligence or Negligence Per Se" is riddled with improper inferences and conclusory allegations of law, which when properly analyzed, fail to provide a claim upon which relief can be granted.

---

[1] Plaintiff's Complaint does not elaborate what the alleged "internal written information security plan" is or how it created a viable duty to protect information related to the purchase price of the subject property in this matter. Standing alone, this allegation is an insufficient factual pleading to support a claim that some implied legal duty was created.

1.    **Plaintiff's Claim of "Negligence or Negligence Per Se" is Not Legally Cognizable.**

Claims brought under the Gramm-Leach-Bliley Act (GLBA) and related federal financial privacy regulations are routinely dismissed because GLBA does not support private actions. *Barnett v. First Premier Bank*, 475 F. App'x 174 (9th Cir. 2012) (dismissing claim under 15 U.S.C. § 6801 due to lack of private right of action); *Gardner v. Martino,* 563 F.3d 981, 990, 992 (9th Cir.2009) (no abuse of discretion in denying leave to amend where amendment would be futile). Thus, Plaintiff's theory of "Negligence Per Se or Negligence" no matter how artfully written must be dismissed.

In any event, a claim for negligence under Idaho law requires the Plaintiff to demonstrate "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Albertson v. Fremont Cty., Idaho*, 834 F. Supp. 2d 1117, 1134 (D. Idaho 2011) (*quoting Obendorf v. Terra Hug Spray Co., Inc.,* 145 Idaho 892, 188 P.3d 834, 840 (2008)). Negligence *per se* is simply an avenue of pleading that effectively establishes the first two elements of the cause of action in negligence. *Slade v. Smith's Management Corp.*, 119 Idaho 482, 808 P.2d 401, 408 (1991). However, in order to replace a common law duty of care with a duty of care from a statute or regulation, the following elements must be met:

> (1) the statute or regulation must clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury.

*O'Guin v. Bingham County*, 142 Idaho 49, 122 P.3d 308, 311 (2005).

Plaintiff's First Amended Complaint does not meet this standard.  First, the GLBA as enumerated in 15 U.S.C. § 6801, *et seq*. does not provide a specific standard of conduct that is sufficient to give rise to a legal duty. The Act expresses a general Congressional policy statement, asserting a goal that financial institutions respect the privacy and confidentiality of customer's nonpublic personal information. *See* 15 U.S.C. § 6801. Second, even if this Court finds these statutes could create a clearly defined standard of conduct, Plaintiff has not adequately pled facts which could support that the statute or regulation intended to prevent the type of harm caused, or that the plaintiff is a member of the class intended to be protected. *Albertson*, 834 F. Supp. 2d at 1134.

Simply put, Plaintiff alleges that Global disclosed "Confidential Information" to the County Assessor, therefore violating the claimed statutorily implied duties. Plaintiff defines "Confidential Information" as certain information relating to the subject property including the occupancy rates of the individual storage units and the purchase price of the property. (Dkt. No. 22, ¶ 11). This information is not the "personally identifiable financial information" that the GLBA is intended to protect, but rather is publicly available information relating to the subject property. *Compare* 15 U.S.C. § 6809(4), *with* 12 C.F.R. 1016.3(r)(1) (defining publicly available information as "any information that you have a reasonable basis to believe is lawfully made available to the general public", including mortgage information such as the principal amount of a loan that is of the type included in the public record).

Moreover, in its Amended Complaint, the Plaintiff simply pleads a conclusory statement of law: "Lafky is member of the class sought to be protected by 15 U.S.C. § 6801, *et seq*." In addition to being incorrect as a matter of law, this is the exact form of conclusory allegation that cannot survive a motion to dismiss. The GLBA and related regulations protect **consumers** who obtain financial products or services for personal, family, or household purposes. *See* 15 U.S.C §

6809 (9); 12 C.F.R. § 1016.3(e)(1). Contrary to its bare assertion that Plaintiff, a single member limited liability company who obtained a loan for the purchase of a large storage unit complex for over $5,000,000, it is not a "consumer" within the meaning of GLBA and the related regulations.  (Dkt. No. 22, ¶¶ 1, 9). 12 C.F.R. § 1016.1(b)(1) specifically states it only applies only to "nonpublic personal information about individuals who obtain financial products or services primarily for personal, family, or household purposes from the institutions listed below" and "does not apply to information about companies or about individuals who obtain financial products or services for business, commercial, or agricultural purposes." As stated above, Plaintiff is a limited liability company that obtained a $5,000,000 loan to acquire a storage complex.  This matter has nothing to do with personal information related to a loan obtained by an individual for personal, family or household purposes.   Therefore, this claim should be dismissed.

      **2.**    **Plaintiff's Negligence Claim Also Fails to Plead an Affirmative Duty and Does Not Meet the Standard of Rule 12(b)(6).**

Plaintiff's claim of "Negligence or Negligence Per Se" cannot be sustained because it has not pled sufficient facts to establish that Global had a legal duty under the "internal written information security plan" or "Model Privacy Notice" to keep the information related to the purchase price of the subject property confidential. Much like its claims based on alleged statutory violations, Plaintiff's claim under these theories is broad and conclusory at best. Plaintiff pleads, "the voluntary disclosure in the form of the Model Privacy Notice implied **or** expressly stated that no other disclosure of information would occur and the internal written security plan of Global was to this same effect." (Dkt. No. 22, ¶ 52).

This is simply a bare, formulaic allegation that fails to meet the pleading standard set forth in *Twombly*, 550 U.S. at 555.  Plaintiff's Amended Complaint fails to provide any factual

assertion of language in these alleged documents which create a legal duty or that Global voluntarily undertook a prescribed duty.  In fact, Plaintiff's Complaint does not even explain what "internal written information security plan" created this claimed duty. Plaintiff's conclusory factual allegations do not support a legally cognizable duty of Global to which negligence could be found, and this claim should be dismissed.

> **3.**      **The Economic Loss Rule Bars Count Three of Plaintiff's Amended Complaint.**

Assuming Plaintiff's conclusory allegation of damages for this claim was pled with the necessary specificity (which it was not), the economic loss rule bars recovery. In Idaho "the economic loss rule prohibits recovery of purely economic losses in a negligence action." *Blahd v. Richard B. Smith, Inc.*, 141 Idaho 296, 300, 108 P.3d 996, 1000 (2005); *see also Aardema v. U.S. Dairy Sys., Inc.*, 147 Idaho 785, 790, 215 P.3d 505, 510 (2009) (finding that plaintiff may maintain a tort claim only if it sufficiently presents evidence as to whether a loss occurred, other than a purely economic loss). Plaintiff's general assertion of damages associated with an increase in tax valuation and tax liability contains only alleged economic damages.

The Plaintiff cannot bring a negligence or negligence per se claim under the GLBA.  In addition, the Plaintiff's claim is barred by the economic loss rule, and this claim must be dismissed. Also, Plaintiff has failed to plead facts in a manner which could support a claim of negligence per se or negligence. The Court should dismiss under F.R.Civ.P. 12(b)(6).

**C.**      **Plaintiff's Breach of Implied Duty of Confidentiality Claim Should be Dismissed.**

Plaintiff broadly alleges that Global disclosed "personal and private information" related to the purchase price of commercial property. (Dkt. No. 22, ¶¶ 11, 12). But, Plaintiff's First Amended Complaint is devoid of the required factual allegations which could support a claim for

an implied duty of confidentiality. In an attempt to avoid dismissal, Plaintiff uses conclusory language claiming that Plaintiff had a legal right to privacy under Idaho law in choosing to decline to disclose the purchase price and by Global entering into a commercial loan relationship with the Plaintiff, it must have somehow assumed some duty to Plaintiff. (Dkt. No. 22, ¶¶ 10, 18). Plaintiff provides no basis to support a claim for an implied duty of confidentiality. Count One, pleads facts that are nothing more than a recitation of the elements of a breach of implied duty of confidentiality, which is insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff does not allege facts to support an inference that Global had an implied contractual duty of confidentiality with respect to the information related to the purchase price of the subject property, or that by disclosing said information specified damages were caused.

Plaintiff generally asserts that it was a "borrower and a depositor" at Global, however, each of its allegations stems from the Business Loan Agreement wherein the Plaintiff is simply a borrower/debtor. No facts aside from this conclusory assertion support any assumption of duty other than that the two parties entered into a loan to finance Plaintiff's purchase real property. On the facts pled, Global owes no independent duty to maintain confidentiality with respect to the market value and purchase price of the property in question. The law does not support the fact that a borrower has an overarching, inherent right of privacy. Instead, as recognized in *Mangum v. City of Pocatello*, in order for any right of privacy to be provided, the plaintiff must prove that the subject financial information is sufficiently "intimate and personal in nature" to receive protection. *Mangum v. City of Pocatello*, No. CV-05-507-E-BLW, 2008 WL 346150, at *1 (D. Idaho Feb. 5, 2008), aff'd sub nom. *Mangum v. Action Collection Serv., Inc.,* 575 F.3d 935 (9th Cir. 2009) (finding that the disclosure of the plaintiff's bounced checks did not rise to a level of

confidentiality to support a claim for breach of privacy); *see also Graney Dev. Corp. v. Taksen*, 92 Misc. 2d 764, 768, 400 N.Y.S.2d 717, 720 (Sup. Ct.), aff'd, 66 A.D.2d 1008, 411 N.Y.S.2d 756 (1978) (distinguishing *Peterson v. Idaho First Nat. Bank*, 83 Idaho 578, 580, 367 P.2d 284, 285 (1961), holding that the relationship created through a loan agreement is that of a creditor and debtor, to which no implied agreement of confidentiality exists). Furthermore, the relationship between a bank and borrower does not inherently create a fiduciary relationship in which duties of confidentiality are automatically created. *Idaho First Nat. Bank v. Bliss Valley Foods, Inc*., 121 Idaho 266, 277, 824 P.2d 841, 852 (1991); *Black Canyon Racquetball Club v. First National Bank,* 119 Idaho 171, 804 P.2d 900 (1991).

Global simply has no legal duty to maintain the privacy of market value or purchase price information, or other such information obtained by carrying out its business function of making a loan.  Without sufficient facts to support an alternate theory in which Global could have such a legal duty, this claim must be dismissed. Plaintiff has alleged nothing more than a broad assertion that the information related to the purchase price of the property was unilaterally intended to be confidential and "personal" for the apparent purpose of avoiding real property tax liability. This assertion is insufficient to support Plaintiff's claim, especially considering that damages in this action cannot be reasonably proven due to the inherent public nature of the details of the property, including market value, the inclusion of the principal balance in the Deed of Trust which is recorded in the public records, and the county assessor's duty to annually determine the market value of property.

D.     **Plaintiff's Claim of Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing Should be Dismissed.**

To successfully plead a breach of contract claim, the following four elements must be represented through viable fact: (1) the existence of the contract, (2) the breach of the contract,

(3) the breach caused damages, and (4) the amount of those damages." *Ridenour v. Bank of Am., N.A.*, 23 F. Supp. 3d 1201, 1207 (D. Idaho 2014). The implied covenant of good faith and fair dealing requires "that the parties perform in good faith the obligations imposed by their agreement," *Badgett v. Security State Bank,* 116 Wash.2d 563, 807 P.2d 356, 356 (1991), and a violation of the covenant occurs **only when** "either party ... violates, nullifies or significantly impairs any benefit of the ... contract...." *Sorensen v. Comm Tek, Inc.,* 118 Idaho 664, 669, 799 P.2d 70, 75 (1990).

Here, Plaintiff asserts that a Model Privacy Notice, as incorporated as part of the Loan Agreement, created a contract between the parties which was breached by Global in allegedly sharing valuation information for commercial property with the county assessor, causing an unidentified amount of damage. (Dkt. No. 22, ¶¶ 38, 49). Assuming the Model Privacy Notice was in fact "incorporated" as claimed, Plaintiff's allegations still remain insufficient to avoid dismissal.

In Paragraph 42 of Plaintiff's Complaint, Plaintiff provides language of the Model Privacy Notice which states, "Federal law… requires us to tell you how we collect, share, and protect your personal information." It further specifies reasons Global may share personal information. (¶ 42, 43). This language is simply a notice under federal regulation, not a contractual provision of services. Plaintiff does not allege that Global was retained for the specific purpose of providing privacy protection services or that the Loan Agreement specifically prohibited the alleged disclosure to the county assessor or created any similar duty.[2] Aside from

---

[2] In an apparent effort to set forth required elements of this claim and avoid dismissal, Plaintiff asserts that "[t]he benefit of the Loan Agreement contract to Lafky that was impaired included an impairment of being able to conduct business for which the loan was obtained…" (Dkt. No. 22, ¶ 48(b)). This is, at best, a circular inference, and in direct contravention to Lakfy's allegations that the agreement was for Lafky to borrow funds of $5,080,000.00 for the purchase of the storage complex. (¶¶ 9, 10). The benefit to Lafky was not some unspoken confidentiality.

conclusory assertions, Plaintiff's Complaint does not allege facts to support that the alleged information disclosed to the Assessor was "personal information" or that it was actually contractually protected from voluntary disclosure under the Model Privacy Notice.

Moreover, Plaintiff's claim fails to properly assert facts which would support that the alleged breach caused a reasonably certain amount of damages. Plaintiff's Amended Complaint is devoid of facts to support its assertion that the disclosure resulted in damages of not less than $75,000.00. (Dkt. No. 22, ¶ 49). Plaintiff is of course required to pay real property taxes. Plaintiff appears to be drawing an inference that disclosure led to an increase in assessed value of the subject property or that it somehow impacted its business, however, Plaintiff does provide factual support as to how such a disclosure was the proximate cause of such damages. (Dkt. No. 22, ¶¶ 28-31, 48).

Similar to the breach of contract claim, Plaintiff has not pled the elements required to support a theory of breach of the implied covenant of good faith and fair dealing. The Amended Complaint does not contain sufficient factual allegations to established that Global failed to perform any specific contractual obligation in good faith, in such a manner which significantly impaired the benefit of the contract, here being the provision of a loan for the purchase of commercial property. *Idaho First Nat. Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 288, 824 P.2d 841, 863 (1991) (finding that the covenant of good faith and fair dealing means honesty in fact in the conduct or transaction concerned). It is undisputed that the Plaintiff purchased the property, so the loan was obviously provided.  Plaintiff's amendment added conclusory language directly mirroring this otherwise missing element:

> the sharing of said information with the Assessor was a breach of the implied covenant of good faith and fair dealing, because it was a failure to perform the contractual requirements regarding personal information in good faith, and significantly impaired the benefit of the contract to Lafky.

(Dkt. No. 22, ¶ 48(a)). This conclusory language is insufficient to survive a 12(b)(6) motion, therefore this alternative cause of action it too must be dismissed.

### III. <u>CONCLUSION</u>

Because Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted, as against Defendant Global Credit Union, Plaintiff's Complaint against said Defendant should be dismissed pursuant to F.R.Civ.P. 12(b)(6).

RESPECTFULLY SUBMITTED this 23rd day of January, 2020.

WITHERSPOON · KELLEY

By: */s/ Christopher G. Varallo*
   Christopher G. Varallo, ISB #6135
   Daniel J. Gibbons, ISB #6202
   Nathan J. Orlando, ISB #10673
   cgv@witherspoonkelley.com
   djg@witherspoonkelley.com
   njo@witherspoonkelley.com
   422 W. Riverside Avenue, Suite 1100
   Spokane, WA  99201-0300
   Phone:  (509) 624-5265
   Fax:   (509) 458-2728
   *Attorneys for Defendant Global Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2020,

1.      I caused to be electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

> **Thomas E. Dvorak**
> **tedservice@givenspursley.com**
>
> **Jason Blakley**
> **jasonblakley@givenspursley.com; stacywardein@givenspursley.com**
>
> **Donald Z. Gray**
> **dongray@givenspursely.com**

2.      I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below:  **None.**

3.      I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below:  **None.**

4.      I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below:  **None.**

> */s/ Christopher G. Varallo*
> Christopher G. Varallo, ISB #6135

MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT- 13
S1967817.DOC