UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAFKY PROPERTIES, LLC, an Oregon limited liability company, dba Big Storage and Big Storage Idaho,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL CREDIT UNION, a Washington corporation,<br><br>    Defendants. | Case No. 1:19-cv-00413-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Global Credit Union's Motion for Change of Venue. Dkt. 11. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons explained below, the Court DENIES the Motion.

# II. BACKGROUND

On October 24, 2019, Plaintiffs Lafky Properties, LLC ("Lafky"), filed the instant complaint in Idaho Federal Court. Dkt. 1. The underlying facts of this case relate to certain property located in Canyon County, Idaho. Lafky's claims are all contract based.

Lafky is a resident of Bend, Oregon. Defendant Global Credit Union ("Global") is a Washington corporation. Global has a registered agent in Boise, Idaho, and two places of business in Idaho, both of which are located in Kootenai County.

When this case was filed, the Clerk of the Court assigned it to the Southern (Boise) Division. Dkt. 1. Global asserts this assignment was in error and asks that the Court reassign the case to the Northern (Coeur d'Alene) Division because its only places of business in Idaho are located in northern Idaho. Lafky opposes the motion, arguing the Southern Division is the proper venue for this case.

### III. ANALYSIS

The District of Idaho is comprised of four divisions, each of which cover certain specified counties. Dist. Idaho Loc. Civ. R. 3.1. The Local Rules do not provide a procedure for filing a case within a particular division. Rather, Rule 3.1 states, "[c]ases that have venue in one of the above divisions will be assigned by the Clerk upon the filing of the Complaint or petition to the appropriate division, unless otherwise ordered by the presiding judge." *Id. See Newell v. Farm Bureau Mut. Ins. Co. of Idaho*, No. 1:17-CV-277-DCN, 2017 WL 6028337, at *1 (D. Idaho Dec. 5, 2017); *Leach v. Idaho Nephrology Assocs., PLLC*, No. CV-07-278SBLW, 2007 WL 3253202, at *3 (D. Idaho Oct. 31, 2007).

As this Court has explained before—and as the Court's website indicates—the Clerk of the Court determines the correct divisional office by looking at: "1) the county[1] of the defendant, or 2) if the defendant is out-of-state, the county of the plaintiff, or 3) if neither

---

[1] The Clerk of the Court determines "county residency" based on the addresses provided by the plaintiff in the civil case cover sheet and/or summons.

1 or 2 apply, the county in which the incident occurred occasioning the law suit." *See* District Court General Information[2]; *see also Leach,* 2007 WL 3253202, at n.2.

In this case, Lafky provided out of state addresses *for both parties* on the civil cover sheet and summonses. Dkt. 1-3, 1-2. Accordingly, the Clerk of the Court reviewed the Complaint, surmised the relevant events took place in Canyon County, and assigned the case to the Southern Division. This was not in error.

Global takes issue with this assignment, asserting that the Clerk should have assigned the case to the Northern Division—where it maintains its only Idaho business locations. This assertion is flawed, however, as a routine place of business may not always be the same as where a company resides. More to the point, though, this "place of business argument" would not have been readily apparent to the Clerk because Lafky noted Global was a Washington corporation in its civil cover sheet (Dkt. 1-3, at 1), in its Complaint (Dkt. 1, at 2), and its summons (Dkt. 1-2, at 1). The Clerk had no reason to know or deduce that Global had locations in Idaho.[3]

That said, Lafky's assertion that Global has a registered agent in Boise is also of little consequence. The Clerk would have had no way of knowing this at the time the Complaint was filed. The standard practice was followed in this case and the correct

---

[2] https://id.uscourts.gov/district/general/Court_Information.cfm.

[3] Importantly, Global does not dispute that its headquarters are in Spokane, Washington, or that it has a registered agent in Boise (the Southern Division). Instead, it simply maintains that because it has business holdings in northern Idaho, it should be considered a northern resident for divisional purposes. The Court disagrees-at least in part. While it is true that Global's northern locations likely mean Global *could* be considered a defendant of northern Idaho and has availed itself of that forum, that does not mean it is *exclusively* a "resident" of northern Idaho.

MEMORANDUM DECISION AND ORDER – 3

divisional assignment made.

However, *with this new information* provided by the parties, the Court could, nonetheless, still change venue. *See* Dist. Idaho Loc. Civ. R. 3.1. The Court's charge is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. If that means changing venue, the Court will do so.

In deciding whether to transfer venue the Court can consider numerous factors. *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (considering convenience to the parties, convenience to the witnesses, ease of access to the evidence, familiarity of each forum to the applicable law, feasibility of consolidation with other claims, and any other practical issues); *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) (considering plaintiff's choice of forum; convenience of the witnesses; accessibility of witnesses and other sources of proof; possibility of obtaining a fair trial; and all other factors of a practical nature that make a trial easy, expeditious, and economical).

Ultimately, the burden is on the party requesting a transfer to show that the balance of conveniences heavily favors the transfer. *See Decker,* 805 F.2d at 843 (holding that moving party must make strong showing of inconvenience to warrant upsetting plaintiff's choice of forum).

In this case, no particular factor overwhelmingly supports either party's argument. While the underlying property is located in Canyon County, Idaho, as already noted, this is a contract dispute. There will be little to no discovery or evidentiary issues surrounding the physical property itself so there is no need to tie the Court's decision to southern Idaho.

That said, it does appear there is at least one key witness (the Assessor)—and potentially some discovery records—located in the Boise area. Additional discovery will likely take place in or around the parties' respective places of business—both of which are located outside of the state of Idaho. And, while those offices may geographically be closer to the Coeur d'Alene Courthouse than to Boise, this is not dispositive of the Court's general assignment practices.

Although the Court is not generally opposed to changing venue (when necessary), here there is no compelling reason to do so. By all accounts it appears that changing venue to the Northern Division would merely shift, rather than eliminate, the inconvenience and costs. A transfer of venue is not appropriate under such circumstances. *Decker*, 805 F.2d at 842. Ultimately, Lafky followed the Court's procedures and selected the Southern Division based on the fact that Global is an out of state company. As the Plaintiff, Lafky's choice is given some deference. *See Newell*, 2017 WL 6028337, at *5.

Additionally, as the Court has explained before, even when a case is assigned to a particular division, such assignment does not preclude the parties from working together to find fair and reasonable accommodations for discovery matters and even hearings:

> [B]ecause Idaho is one District and this Court takes cases in all divisions, the undersigned will remain on the case regardless of whether it is assigned to the [Northern] Division or Eastern Division. To that end, the Court has always allowed attorneys who may be situated throughout the state to coordinate amongst themselves and opt to hold hearings in either [Coeur d'Alene] or Boise. As this will remain a Boise case, hearings will be held in Boise, unless the parties, after working together in good faith, determine an alternative location is the most cost effective option for a particular hearing.

*Newell,* 2017 WL 6028337, at *5.

In conclusion, the Court finds that the Clerk of the Court followed appropriate procedures in this case and correctly assigned it to the Southern Division. Furthermore, the Court finds no compelling reason to change that venue assignment at this time. Accordingly, the Motion is DENIED. This will remain a Southern Division (Boise) case.

## IV. ORDER

1. Global Credit Union's Motion for Change of Venue (Dkt. 12) is DENIED.

DATED: April 2, 2020

David C. Nye
Chief U.S. District Court Judge