UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAFKY PROPERTIES, LLC, an Oregon limited liability company, dba Big Storage and Big Storage Idaho,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL CREDIT UNION, a Washington corporation,<br><br>Defendant. | Case No. 1:19-cv-00413-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Global Credit Union's ("Global") Motion to Dismiss. Dkt. 26.[1] The Court held oral argument on July 21, 2020, and took the matter under advisement. Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART Global's Motion.

## II. BACKGROUND

### A. Factual

The facts of this case are relatively straightforward.

In the fall of 2017, Lafky Properties, LLC ("Lafky") applied for, and obtained, a

---

[1] As will be outlined in the background section, there are technically two pending motions to dismiss in this case. The first motion to dismiss (Dkt. 19), however, became moot upon Lafky's filing of its amended complaint (Dkt. 22). While the motions are almost identical in nature, the only operative motion to dismiss at the current juncture is the one filed at Docket 26.

loan ("Loan") through Global in the amount of $5,080,000.00 for the purchase of a large storage unit complex located in Nampa, Idaho ("Property"). In order to obtain the Loan, Lafky provided Global with certain information relating to the Property such as the occupancy rates of the individual storage units, the stabilization rate of the Property, a private appraisal, and the negotiated purchase price ("Purchase Price") for the Property.

Later in 2017 (after Lafky purchased the property), the Canyon County Assessor's Office ("Assessor") asked Lafky about the Purchase Price of the Property. Lafky declined to provide the requested information.[2]

After the Loan closed, but sometime prior to October of 2018, the Assessor contacted Rick Green ("Green")—Global's loan officer on the Loan—and asked him for certain information relating to the Property, including its Purchase Price. Green accessed Lafky's Loan records and voluntarily disclosed certain information to the Assessor. Among other things, Green divulged the Purchase Price and the capitalization rate from a private appraisal of the Property to the Assessor.

Prior to Global's disclosure of the information, the Assessor had valued the Property at just over $3 million. Shortly after Green disclosed the information to the Assessor, the Assessor valued the Property at over $4.9 million—an approximately sixty percent increase in valuation.

Lafky filed the instant suit on October 24, 2019, against Global. Dkt. 1. Lafky filed

---

[2] Lafky was within its rights to refuse such a request. *See Troy G. v. Bd. of Equalization of Nez Perce Cty.*, 57 P.3d 763, 764 (2002) ("Idaho law does not require that all persons who sell or purchase real property must disclose the sale price to the county assessor.").

MEMORANDUM DECISION AND ORDER - 2

an Amended Complaint on January 9, 2020. Dkt. 22. In its Amended Complaint, Lafky alleges three (3) causes of action against Global: Count I—Breach of the Implied Duty of Confidentiality; Count II—Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing; and Count III—Negligence or Negligence Per Se.

Global subsequently moved to dismiss Lafky's Amended Complaint. Dkt. 26.

**B. Procedural**

As noted, Lafky initiated this suit on October 24, 2019. Dkt. 1. On December 19, 2019, Global filed its first motion to dismiss. Dkt. 19. In its motion, Global asked the Court to dismiss all of Lafky's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

On January 9, 2020, Lafky responded to Global's first motion to dismiss. Dkt. 23. In its response, Lafky asserted that its causes of action were well pleaded and that Global's motion was more akin to a motion for summary judgment than a motion to dismiss and inappropriate at this early stage of the case. However, pursuant to Federal Rule of Civil Procedure 12(a)(1)(B), and "out of an abundance of caution," (Dkt. 27, at 2), Lafky amended its Complaint and filed its First Amended Complaint that same day. Dkt. 22.

On January 23, 2020, Global filed its reply to its first motion to dismiss. Dkt. 25. In its reply, Global argued that Lafky's filing of an Amended Complaint mooted its original motion to dismiss. *Id.* However, in conjunction with its reply brief, Global filed the pending Motion to Dismiss (Dkt. 26), in which it asks that the Court to dismiss Lafky's recently filed Amended Complaint. Global's second Motion to Dismiss is almost identical to Global's first Motion to Dismiss.

On February 13, 20202, Lafky responded to Global's second Motion to Dismiss.

MEMORANDUM DECISION AND ORDER - 3

Dkt. 27. Lafky noted its surprise at Global's assertion that its first motion to dismiss was moot—particularly in light of the fact that Global's second Motion to Dismiss was essentially the same as its first Motion to Dismiss—and stated that in light of the similarities between the two motions, it would not be filing a second responsive pleading, but that the Court could rely on its previous filing. Global filed a final reply. Dkt. 30.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 678, 682 (2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Id.*, at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. ANALYSIS

As a threshold matter, the Court notes Global is correct in its representation that once Lafky filed its Amended Complaint, its previously filed Motion to Dismiss was moot. *Anderson v. Bank of Am., N.A.*, No. 215CV00198EJLREB, 2016 WL 7494304, at *1 (D. Idaho Jan. 13, 2016) ("When a plaintiff file[s] [] an amended complaint as a matter of course, the amended complaint becomes the operative complaint and renders any pending motions to dismiss moot."). *See also Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

In its Motion, Global asserts that Lafky's three claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. The Court will analyze each claim in turn.

### A. Count I – Breach of the Implied Duty of Confidentiality

In its first cause of action, Lafky asserts that Global breached an implied duty of confidentiality when it disclosed its private and confidential financial information to the

Assessor *without* obtaining permission.

Global contends in its motion that Lafky has done little more than recite the elements of a breach of the implied duty of confidentiality and that what's more, it does not owe an independent duty of confidentiality to its customers unless Lafky can prove that the information was sufficiently "intimate and personal in nature" to receive protection. *See Mangum v. City of Pocatello*, No. CV-05-507-E-BLW, 2008 WL 346150, at *1 (D. Idaho Feb. 5, 2008).

Taking the arguments up in reverse order, it appears that Global recognizes that Lafky *could* have a claim for breach of the implied duty of confidentiality claim if it can establish that it meets the above criteria; namely, that the information at issue was "intimate and personal" to Lafky. This determination, however, cannot be made at this stage and is precisely why discovery is needed in this case—to flesh out whether the information Green disclosed to the Assessor was "intimate and personal" to Lafky and worthy of protection.

As to the first assertion that Lafky's claim is threadbare, the Court notes that the claim itself is quite simple and to the point. Frankly, Lafky *could* have expounded upon this language so Global (and the Court) better understands what Lafky is relying on in support of this claim. Such simplicity, however, is not fatal to the claim itself in light of Lafky's explanation earlier in its Amended Complaint. *See, e.g.,* Dkt. 22, ¶¶ 11–12. As the Court has explained previously, under the principle of incorporation, allegations in one area of a Complaint that support individual causes of action (even if not specifically reiterated in a later cause of action) are sufficient under *Iqbal* and *Twombly*. *See Sagastume v. RG Transportation, Inc.*, No. 4:18-CV-00361-DCN, 2019 WL 2218986, at *8 (D. Idaho

May 21, 2019) (finding that where the plaintiff had omitted a particular fact in a claim section of his complaint, but had previously stated the fact earlier and incorporated the fact in the relevant claim section, the omission did not warrant dismissal of that claim).

Here, Lafky has outlined the type of information Global disclosed to the Assessor, that it considered this information confidential, and that it suffered financial harm as a result of Global's disclosure. The Court finds Lafky has met its burden at this stage in order to allow a claim for breach of the implied duty of confidentiality to proceed to discovery.

### B. Count II – Breach of Contract / Breach of Implied Covenant of Good Faith and Fair Dealing

Lafky's second claim focuses on the loan agreement it signed with Global and the fact that the loan agreement included a "Model Privacy Notice" explaining that Global would only share Lafky's private financial information with others in limited circumstances. Lafky claims when Global shared Lafky's information with the Assessor, Global beached this notice, and, in turn, the contract itself.

Global argues, among other things, that the language Lafky relies on from the Model Privacy Notice is not a "contractual provision of services," but simply a notice to customers that Global has certain obligations under federal regulations. Because this "notice" is not required, Global argues it did not breach any duty or any contract. Dkt. 26-1, at 10. As part of this argument, it *appears* Global is arguing that the Model Privacy Notice was not incorporated into the parties' contract and, therefore, was not binding. *See* Dkt 26-1, at 10; Dkt. 30, at 6–7. Whether a portion of a contract is incorporated and/or whether the contract was an adhesion contract are issues that must be fleshed out during discovery. Dismissal is

not appropriate at this time.

Finally, Global again claims that the information it disclosed to the Assessor was not so personal in nature that doing so harmed Lafky. Again, whether the information Global disclosed was personal and what, if any, harm Lafky suffered by its disclosure to the Assessor are things that will be borne out in discovery.

At this stage, the Court finds Lafky has met the relatively low burden established by *Iqbal* and *Twombly* for its breach of contract/breach of the implied covenant of good faith and fair dealing claim to proceed to discovery.

### C. Count III – Negligence or Negligence Per Se

In its final cause of action, Lafky asserts that Global had a duty to keep Lafky's information private and that this duty arose under 15 U.S.C. § 6820, 12 C.F.R. § 1016.10, Federal Trade Commission safeguard rules, the Model Privacy Notice issued by Global as part of the Loan, and Global's own written internal security plan. Because Global failed to meet this duty, Lafky alleges it has been negligent.

In its Motion to Dismiss, Global argues that Lafky's negligence claim is not sufficiently plead under Rule 12(b)(6), is not legally cognizable, and that the economic loss rule bars the claim. As will be explained below, the economic loss rule *does* apply in this case and acts as a barrier to Lafky's negligence claim. Accordingly, the Court need not reach Global's other arguments.

It is well settled in Idaho that "the economic loss rule prohibits recovery of purely economic losses in a negligence action." *Blahd v. Richard B. Smith, Inc.*, 108 P.3d 996, 1000 (Idaho 2005); *see also Aardema v. U.S. Dairy Sys., Inc.*, 215 P.3d 505, 510 (Idaho

MEMORANDUM DECISION AND ORDER - 8

2009) (holding that a plaintiff may not recover in a tort claim where the sole loss is economic). Lafky's negligence claim in this case is associated with only economic damages: an increase in tax valuation and tax liability—i.e. economic losses. Thus, the economic loss rule bars this claim.[3]

Lafky does not dispute that the economic loss rule *applies* to this situation, but it claims it meets one (or both) of the two narrow exceptions to the rule.

The only recognized exceptions under Idaho law to the economic loss rule are (1) the special relationship exception, and (2) the unique circumstances exception. *See Blahd v. Richard B. Smith, Inc.*, 108 P.3d 996, 1001–02 (Idaho 2005).

In regard to the first exception—the special relationship exception—the Idaho Supreme Court has outlined:

> A special relationship exists 'where the relationship between the parties is such that it would be equitable to impose such a duty. The special relationship exception to the economic loss rule is an extremely narrow exception which applies in only limited circumstances. This Court has found a special relationship to exist in only two situations, (1) 'where a professional or quasiprofessional performs personal services[;]' and (2) 'where an entity holds itself out to the public as having expertise regarding a specialized function, and by so doing, knowingly induces reliance on its performance of that function.'

*Aardema v. U.S. Dairy Sys., Inc.*, 215 P.3d 505, 512 (Idaho 2009) (internal citations omitted).

---

[3] The economic loss rule is an affirmative defense—as opposed to part of the negligence tort claim itself—and would, therefore, ordinarily not be considered until the summary judgment stage. *See Gardner v. Hollifield*, 533 P.2d 730, 732 (Idaho 1975) (finding that an affirmative defense cannot be raised by a motion to dismiss unless the affirmative defense appears "on the face of the complaint"). That said, there are no allegations of non-economic losses in Lafky's complaint, nor did Lafky point the Court to any in briefing or at oral argument. Accordingly, the Court can address the issue now.

MEMORANDUM DECISION AND ORDER - 9

The first exception does not apply. Lafky claims that it was in a special relationship with Global because it was a depositor or borrower of Global and that Global—as the lender—was in a superior position to Lafky. This explanation, while interesting, does not appear to meet the above definition. Furthermore, as the Idaho Supreme Court noted, the special relationship exception is an extraordinarily rare exception, and none of the instances in which it has been granted previously involved banks or banking customers. In fact, there is caselaw to the contrary. *See Eliopulos v. Knox*, 848 P.2d 984, 992 (Idaho Ct. App. 1992) (holding "no such [special] relationship exists between banks and their customers").

In regard to the second exception—the unique circumstances exception—the Idaho Supreme Court has explained that it applies in situations where "unique circumstances require a reallocation of the risk." *Aardema*, 215 P.3d at 505. It appears, however, that while this exception was recognized in *Aardema*, it has *never* actually been applied by any court in Idaho. *Blahd*, 108 P.3d at 1002.

In an effort to garner some support for this exception, Lafky cites to *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154 (D. Minn. 2014), wherein the District Court of Minnesota *briefly* considered the "unique circumstances" exception to the economic loss rule in Idaho in a case involving a negligence claim against Target for a data breach. The *In re Target* court found that it was "an open question whether the situation here fits within the 'unique circumstances' exception to Idaho's economic loss rule" and, as a result, determined dismissal was inappropriate at that stage *Id.* at 1173–74.

Citing to an out of circuit case that simply outlines that this issue is an open question in Idaho does little to convince the Court that it should essentially take a stab in the dark in

determining what the Idaho State Supreme Court meant by "unique" and be the first Court to apply this exception.

In short, neither exception applies to Lafky. Ultimately, the Court finds Lafky's negligence claim inadequate under Rule 12(b)(6). If Lafky uncovers facts sufficient in discovery to resurrect this claim, and is able to allege non-economic damages, it may file a motion to amend. Claim Three is DISMISSED without prejudice.

## V. ORDER

1. Global's first Motion to Dismiss (Dkt. 19) is DISMISSED as MOOT.

2. Global's second Motion to Dismiss (Dkt. 26) is GRANTED in PART and DENIED in PART. Global's motion is denied in that Count I and Count II may proceed as pleaded. Global's motion is granted in that Count III is DISMISSED without prejudice.[4]

DATED: August 14, 2020

David C. Nye
Chief U.S. District Court Judge

---

[4] The Ninth Circuit has continually held that dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009). While the Court is not granting Lafky leave to amend Count III outright, it would allow Lafky to amend if—as outlined above—it later discovers facts that will sufficiently address the Court's concerns.